## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES ATKINSON, individually and on behalf of all others similarly situated,<br><br>                     Plaintiff,<br><br>   v.<br><br>FLAT RATE MOVERS, LTD.,<br><br>                     Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff James Atkinson ("Plaintiff") brings this action against Defendant Flat Rate Movers, Ltd. ("Defendant" or "FlatRate"), individually and on behalf of all others similarly situated.  Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge.

## NATURE OF THE ACTION

1.      This is a class action suit brought against Defendant FlatRate for surreptitiously monitoring and recording the telephonic communications between potential consumers and its customer service representatives, without first providing notice or obtaining the customer's consent to record such communications.

2.      FlatRate is a moving company that offers local and long-distance moving services to residential customers in various states, including California. Since its inception in 1991, FlatRate has become one of the largest moving companies in California and throughout the United States.

3.      As a moving company, Defendant places and receives calls to and from consumers and potential consumers for a variety of purposes, such as providing information about its services, providing support to customers over the phone, providing quotes and scheduling appointments for its moving services, among others.  Unbeknownst to consumers, Defendant monitors and records these telephone conversations.  Defendant does not disclose that it is monitoring and recording these telephone conversations.

4.      Because Defendant fails to disclose to consumers that it is recording telephonic communications at the outset of the call, Defendant violated and continues to violate the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 632 and 632.7.

1

5.      Both Penal Code §§ 632 and 632.7 play important roles in protecting the privacy of California residents.  Secret monitoring and recording deny the customer an important aspect of privacy of communication – the right to control the nature and extent of the information they disclose.

6.      Plaintiff brings this action on behalf of himself and a class of all persons within California whose telephonic communications were surreptitiously recorded by Defendant.

## PARTIES

7.      Plaintiff James Atkinson is a California citizen and resident, residing in Salinas, California.  Mr. Atkinson is a domiciliary of California.

8.      Defendant Flat Rate Movers, Ltd. is a New York corporation headquartered in New York, New York.  Defendant is a prominent moving and storage company which provides moving services throughout the United States.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is a citizen of a state different from Defendant.

10.      This Court has personal jurisdiction over Defendant because Defendant is headquartered in this District.  Furthermore, a substantial portion of the events giving rise to Plaintiff's claims occurred in this District.

11.      Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because Defendant resides in this District and a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.

## FACTUAL ALLEGATIONS

12.     FlatRate is a leading moving and storage company in California and throughout the United States. According to its website, FlatRate has moved over 200,000 customers in the U.S. and maintains a moving claims rate of 5%, surpassing the industry's average for 20 years.[1]

13.     As with any moving company, Defendant must field customer inquiries and provide support for issues that may arise related to its services.  To that end, Defendant uses two main phone call centers in California: 213-404-1080 (Los Angeles) and 510-444-6683 (San Francisco).  Defendant also utilizes various other customer service numbers when communicating with a prospective or actual customer.

14.     When Defendant receives or places a call to its actual or potential customers using any of its customer service numbers, the customer service agent does not disclose that the call is being recorded.  In placing or accepting calls from FlatRate, consumers have a reasonable expectation of privacy regarding any information that they divulge on the call, including personally identifying information, the identity of the objects they intend to move, and the addresses where those items are located and are being moved to—all of which are highly sensitive in nature.  Customers maintain this expectation of privacy because Defendant does not disclose that the call is being recorded, and Defendant never obtains customer consent to record the telephone conversations.

15.     Plaintiff and class members have no way of knowing their conversations with FlatRate are being recorded.

16.     In fact, Defendant begins placing tabs on its customers before they even place a call. Specifically, Defendant employs CallRail, Inc. ("CallRail") on its website www.Flarate.com

---

[1] https://www.flatrate.com/company/.

(the "Website").  CallRail is call tracking software provider that permits Defendant to connect a

prospective customer's online activity on the Website or other paid advertisements before

placing a call on the number found in those sources—which CallRail then tracks and records in

real-time. As CallRail advertises on its website, its call tracking system "analyzes all your calls,

all the time, turning your conversations into easy-to-act-on data…[and] automatically transcribes

and analyzes all of your inbound and outbound calls with near human-level accuracy."[2]

17.    Defendant implements CallRail software on its Website, allowing it to record

Plaintiff and the Class Members phone calls without their consent, as depicted in the example

below:



18.    In or about May of 2023, one of Defendant's customer service agents placed a

call to Mr. Atkinson's cell phone regarding a quote for Defendant's services.  Defendant placed

this call while Mr. Atkinson was physically present in California, and Defendant recorded the

call without Mr. Atkinson's knowledge.  During the call that Defendant placed to him, Mr.

Atkinson was never told that the call was being recorded, and he never consented to such.

19.    Because Defendant did not disclose that its calls to Mr. Atkinson were being

---

[2] https://www.callrail.com/conversation-intelligence.

recorded, Mr. Atkinson reasonably expected that his communications with Defendant and its agents during the calls were not being recorded, and were therefore "confidential" as defined by California Penal Code § 632(c).

20.    On information and belief, Defendant was, in fact, recording Mr. Atkinson's call and captured the entire contents of his communications with the live agents, including but not limited to using call recording computer software, such as CallRail.

21.    Defendant's policy of monitoring and recording calls without informing customers is a uniform practice and occurs anytime a customer has a phone call with Defendant.

## CLASS ALLEGATIONS

22.    ***Class Definitions.***  Plaintiff seeks to represent a class defined as follows (the "Section 632 Class"):

> All individuals who, while physically present in California, participated in a recorded inbound or outbound telephone call with FlatRate or one of its agents.

23.    Plaintiff also seeks to represent a class, defined as follows (the "Section 632.7 Class"):

> All individuals who, while physically present in California and using a cellular telephone, participated in a recorded inbound or outbound telephone call with FlatRate or one of its agents.

24.    Specifically excluded from the Classes are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by the Defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with the Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

25.    ***Numerosity.***   Members of the Classes are so numerous that their individual

joinder herein is impracticable.  On information and belief, members of the Classes number in the thousands.  The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

26.     ***Commonality.*** Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members.  Common legal and factual questions include, but are not limited to:

(a)     Whether Defendant has a policy and practice of recording and/or monitoring telephone conversations with customers;

(b)     Whether Defendant notifies customers that it is recording them;

(c)     Whether Defendant obtains a customer's consent to be recorded at the outset of the telephone call;

(d)     Whether Defendant instructed its agents to record and monitor calls without disclosing to customers that they were doing so;

(e)     Whether Defendant has violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 632 and invaded Plaintiff and the Class's privacy rights in violation of the California Constitution;

(f)     Whether Defendant has violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 632.7;

(g)     Whether Plaintiff and the Classes are entitled to injunctive relief under Cal. Penal Code § 637.2(b) to enjoin or restrain FlatRate from committing further violations of Cal. Penal Code §§ 632 and 632.7.

(h)     Whether class members are entitled to actual and/or statutory damages for the aforementioned violations.

27.     ***Typicality.***     The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other class members, called FlatRate's customer service line using his cell phone and had his communications recorded without his consent.

28.     ***Adequacy.***     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff and his counsel.

29.     ***Superiority.***     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents the potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

30.     Plaintiff brings all claims in this action individually and on behalf of members of the Classes against Defendant.

## COUNT I
## Violation of Cal. Penal Code § 632

31.      Plaintiff repeats the allegations contained in the paragraphs above as if fully set

forth herein.

32.      Plaintiff brings this Count individually and on behalf of the members of the

putative Section 632 Class.

33.      California Penal code § 632(a) provides, in pertinent part:

> A person who, intentionally and without the consent of all parties to a
> confidential communication, uses [a] … recording device to … record
> the confidential communication, whether the communication is carried
> on among the parties in the presence of one another or by means of a
> telegraph, telephone, or other device, except a radio, shall be punished
> by a fine not exceeding two thousand five hundred dollars ($2,500) per
> violation.

34.      A defendant violates Section 632 unless it can show it had the consent of all

parties to a communication prior to the moment the recording was made.

35.      As explained herein, Defendant intentionally monitored and recorded the

telephonic communications between itself and its agents, on the one hand, and Plaintiff and

members of the Classes, on the other.

36.      At no time did Defendant or any of its agents inform Plaintiff or members of the

Classes that the recording of their telephonic communications was taking place, and at no time

did Plaintiff or members of the Classes consent to this activity.

37.      These communications were "confidential communications," as that term is used

in Section 632 because Plaintiff and class members had objectively reasonable expectations of

privacy with respect to any personal or financial information they disclosed during the course of

those communications.

38.      Defendant has therefore violated Cal. Penal Code § 632(a) by intentionally

recording Plaintiff and the members of the Classes' telephonic communications without first

notifying them or obtaining their consent.

39.     Accordingly, Plaintiff and the members of the Classes have been injured by

Defendant's conduct and, pursuant to Cal. Penal Code § 637.2, each seek damages of $5,000 per

violation.

<u>**COUNT II**</u>
**Violation of Cal. Penal Code § 632.7**

40.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set

forth herein.

41.     Plaintiff brings this Count individually and on behalf of members of the putative

Section 632.7 Class.

42.     California Penal Code § 632.7(a) prohibits the same conduct as described in

Section 632, but extends this prohibition to communications involving a cellular telephone.

43.     Though similar, Cal. Penal Code § 632 and § 632.7 are not duplicative and protect

separate rights.

44.     Cal. Penal Code § 632.7 grants a wider range of protection to conversations where

one participant uses a cellular phone or cordless phone because it does not have the "confidential

communication" requirement of Cal. Penal Code § 632.

45.     A defendant violates Section 632.7(a) unless it can show it had the consent of <u>all</u>

parties to a communication prior to the moment the recording was made.

46.     Defendant, using computer software, intentionally monitored and recorded the

telephonic communications between Plaintiff, and the members of the Section 632.7 Class, and

its agents.

47.     At no time did Defendant or any of its agents inform Plaintiff or the members of

the Section 632.7 Class that the recording of their telephonic communications was taking place

and at no time did Plaintiff or the members of the Section 632.7 Class consent to this activity.

48.     Defendant has therefore violated Cal. Penal Code § 632.7(a) by intentionally recording Plaintiff or the members of the Section 632.7 Class's telephonic communications without first notifying them or obtaining their consent.

49.     Accordingly, Plaintiff and the members of the Section 632.7 Class have been injured by Defendant's conduct and, pursuant to Cal. Penal Code § 637.2, each seek damages of $5,000 per violation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against FlatRate, as follows:

a.     For an order certifying the putative Classes and naming Plaintiff as the representative of the classes, and Plaintiff's attorneys as Class Counsel to represent the putative Classes;

b.     For an order declaring that the Defendant's conduct violates the statutes referenced herein;

c.     For an order finding in favor of Plaintiff and the putative Classes on all counts asserted herein;

d.     For statutory damages in amounts to be determined by the Court and/or jury;

e.     For prejudgment interest on all amounts awarded;

f.     For injunctive relief as pleaded or as the Court may deem proper; and

g.     For an order awarding Plaintiff and the putative Classes their reasonable attorneys' fees and expenses and costs of suit.

## **JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury on all claims so triable.

Dated:  June 27, 2023                          **BURSOR & FISHER, P.A**.

By:    /s/ *Joseph I. Marchese*
              Joseph I. Marchese

Joseph I. Marchese
Alec M. Leslie
1330 Avenue of the Americas
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: jmarchese@bursor.com
              aleslie@bursor.com

**GUCOVSCHI ROZENSHTEYN, PLLC**
Adrian Gucovschi
630 Fifth Avenue, Suite 2000
New York, NY 10111
Telephone: (212) 884-4230
E-Mail: adrian@gr-firm.com

*Attorneys for Plaintiff*